**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Healthcare Incorporated, et al., | No. CV-24-01769-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Robert Doyle, | |
| Defendant. | |

Before the Court is Defendant Robert Doyle's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 11).[1] For the following reasons, the Court will deny the Motion.[2]

## I.    BACKGROUND

The following summary is taken from the allegations in the Complaint. Plaintiffs Healthcare, Inc. and its subsidiary Healthcare.com Insurance Services, LLC (collectively "HCIS") are in the business of connecting individuals seeking health insurance with third party providers. (Doc. 1 ¶¶ 14–15.) As relevant here, an individual can submit their name and contact information in an online form on HCIS's website (the "Form") to indicate interest. (*Id.* ¶ 15.) HCIS only contacts individuals that have expressed interest in receiving insurance information. (*Id.*)

This litigation arises out of previous lawsuits filed by Doyle in the District of New

---

[1] Hereinafter "Rule" refers to the Federal Rules of Civil Procedure.
[2] Robert Corridan, a law student at the Sandra Day O'Connor College of Law at Arizona State University, assisted in drafting this Order.

Jersey against HCIS for allegedly violating the Telephone Consumer Protection Act. (*Id.* ¶ 19.) Doyle alleged in his complaint that he received a call from an agent of HCIS and believed the call was both unconsented to and either prerecorded or otherwise artificial. (*Id.*) HCIS filed a motion to dismiss Doyle's complaint for lack of personal jurisdiction and attached a declaration stating HCIS did not call the phone number listed in Doyle's complaint. (*Id.* ¶ 20.) Doyle subsequently amended his complaint to change the listed defendants but did not address HCIS's declaration. (*Id.* ¶¶ 21–22.) Doyle then voluntarily dismissed his complaint in New Jersey and refiled his complaint in the District of Arizona with no substantive changes. (*Id.* ¶¶ 24–27.)

Months after filing in Arizona and over eight months after filing his first complaint, Doyle advised HCIS that he listed the wrong phone number in all prior complaints. (*Id.* ¶ 28.) Upon receiving the correct phone number, HCIS checked its records and determined that someone filled out a Form with that phone number and Doyle's first and last name. (*Id.* ¶¶ 28–31.) HCIS also determined the phone call described in Doyle's complaint was made by a real person. (*Id.* ¶¶ 41–45.) HCIS then advised Doyle of these facts and attempted to compel arbitration with Doyle pursuant to the arbitration clause in the agreement embedded in the Form.[3] (*Id.* ¶¶ 32–48.)

While Doyle refused to engage in arbitration, he recognized the lack of a prerecorded message was fatal to his case and that it would be "pointless" to continue his litigation. (*Id.* ¶¶ 51–54.) Doyle first attempted to engage in settlement negotiations, but they ultimately failed. (*Id.* ¶¶ 54–57.) Doyle nonetheless agreed to dismiss his complaint with prejudice. (*Id.*)

HCIS brought this action in the District of Arizona seeking to compel arbitration[4] and in the alternative seeking damages, attorneys' fees, and costs stemming from defending itself against Doyle's lawsuits. (*Id.* ¶ 66–76.) HCIS asserts claims of breach of contract

---

[3] HCIS cites to this agreement as Exhibit A throughout its complaint, but HCIS failed to attach or otherwise provide the Court with the agreement.

[4] In Count 1 of its complaint, HCIS seeks to compel arbitration pursuant to the Federal Arbitration Act and the alleged agreement between HCIS and Doyle. (Doc. 1 ¶ 66–76.) In their response, however, HCIS waived their right to compel arbitration and abandoned Count 1. (Doc. 16 at 19.)

(Count 2), breach of implied covenant of good faith and fair dealing (Count 3), fraud and/or fraudulent misrepresentation (Count 4), negligent misrepresentation (Count 5), and malicious prosecution (Count 6). (*Id.* ¶ 77–121.) In addition to the compensatory and punitive damages sought therein, HCIS also seeks to recover attorneys' fees incurred in responding to Doyle's Arizona complaint (Count 7). (*Id.* ¶ 122–27.) HCIS asserts this Court has subject matter jurisdiction to hear this case through its diversity jurisdiction. (*Id.* ¶ 11.) *See* 28 U.S.C. § 1332. Doyle disagrees, arguing that HCIS has failed to plead a necessary component of diversity jurisdiction—a sufficient amount in controversy. (Doc. 11 at 2, 8.) This Rule 12(b)(1) Motion followed. (Doc. 11.)

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Here, HCIS asserts this Court has the necessary jurisdiction to hear this case under its diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 ¶ 11.) Section 1332 grants this Court jurisdiction over a case when the parties are completely diverse and the amount in controversy exceeds $75,000.00. Parties are completely diverse when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (footnote omitted).

Generally, subject matter jurisdiction may be attacked either facially—by challenging the sufficiency of the jurisdictional allegations in the complaint—or factually—by disputing the truth of the jurisdictional allegations. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When the amount in controversy is attacked, courts apply "the 'legal certainty' test to determine whether the complaint meets § 1332(a)'s amount in controversy requirement." *Naffe v. Frey*, 789 F.3d 1030, 1039–40 (9th Cir. 2015). Under this test, "the sum claimed by the plaintiff controls if the claim is

1   apparently made in good faith. It must appear to a legal certainty that the claim is really for

2   less than the jurisdictional amount to justify dismissal." *Id.* at 1040 (quoting *St. Paul*

3   *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89). Consequently, only three

4   situations clearly justify dismissal: "1) when the terms of a contract limit the plaintiff's

5   possible recovery; 2) when a specific rule of law or measure of damages limits the amount

6   of damages recoverable; and 3) when independent facts show that the amount of damages

7   was claimed merely to obtain federal court jurisdiction." *Id.* (citations omitted).

8   **III.    DISCUSSION**

9       It is undisputed that the parties are completely diverse.[5] (Doc. 11 at 8.) The parties

10  disagree, however, on the sufficiency of the amount in controversy. (*Compare* Doc. 1 ¶ 11,

11  *with* Doc. 11 at 8–9.)

12      **A.    The Amount in Controversy**

13      Doyle "engages in a factual attack" of the Court's jurisdiction, by presenting lengthy

14  legal arguments and attaching various exhibits and an affidavit in efforts to convince this

15  Court that the amount in controversy has not been met. (Doc. 11 at 8–20; 11-1; 11-2; 11-3.)

16  HCIS contends that Ninth Circuit case law has established a per se rule that factual attacks

17  on the amount in controversy are impermissible when, as here, the plaintiff has originally

18  filed in federal court because the court instead must apply the legal certainty test. (Doc. 16

19  at 11–12.) The arguments before the Court raise two questions: first, whether the legal

20  certainty test categorically precludes factual attacks, and second, if not, whether Doyle's

21  factual attack is successful.

22      HCIS first argues factual attacks are impermissible when the legal certainty test

23  applies because when "the plaintiff originally files in federal court, 'the amount in

24  controversy is determined from the face of the pleadings.'" (*Id.* at 11 (quoting *Geographic*

25  *Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010)).)

26

27

28

---

[5]As alleged by HCIS, Healthcare, Inc. is a Delaware corporation with its principal place of business in Florida (Doc. 1 ¶ 7), Healthcare.com Insurance Services, LLC is an Arizona company with its principal place of business in Arizona (*Id.* ¶ 8), and Doyle is a citizen of New Jersey (*Id.* ¶ 9). In his Motion, "Doyle does not dispute the existence of complete diversity." (Doc. 11 at 8.)

1    HCIS continues, arguing that "factual attacks are 'inapplicable where, as here, the plaintiff

2    files suit originally in federal court, the case raises traditional state tort claims, and the

3    complaint affirmatively alleges that the amount in controversy exceeds the jurisdictional

4    threshold.'" (*Id.* at 12 (quoting *Naffe*, 789 F.3d at 1040 (9th Cir. 2015)).)

5         But contrary to HCIS's contention, *Naffe* and *Geographic* do not address whether

6    the legal certainty test categorically bars factual attacks on jurisdiction. Instead, those cases

7    simply clarify that the legal certainty standard governs when a plaintiff originally files suit

8    in federal court, and the preponderance of the evidence standard applies when a case is

9    removed to federal court. *See Naffe*, 789 F.3d at 1040; *Geographic*, 599 F.3d at 1107–08.

10   Looking to HCIS's earlier reliance on *Naffe*, when quoted in its entirety it states "[b]ut that

11   more searching inquiry is inapplicable where, as here, the plaintiff files suit originally in

12   federal court, the case raises traditional state tort claims, and the complaint affirmatively

13   alleges that the amount in controversy exceeds the jurisdictional threshold." *Naffe*, 789

14   F.3d at 1040. That "more searching inquiry," which the court rejects, is not, as HCIS

15   suggests, all "factual attacks" but rather the requirement that the amount in controversy be

16   proven by a preponderance of the evidence. *Compare id.*, *with* Doc. 16 at 12. The Ninth

17   Circuit simply has not declared a per se rule that factual attacks on amounts in controversy

18   are impermissible when a plaintiff originally files in federal court, and this Court declines

19   any invitation to hold as much today.[6]

20        Proceeding to the factual attack at issue, Doyle acknowledges that the appropriate

21   legal standard is the legal certainty test. (Doc. 11 at 8). Doyle does not argue that a contract

22   or statute limits HCIS's recovery. (*See id.*) Doyle instead argues that "independent facts

23   show that the amount of damages was claimed merely to obtain federal court jurisdiction."

---

[6] A per se bar on factual attacks is also not supported by the many district court cases
permitting factual attacks outside of the removal context. *See, e.g.*, *Fin. Inst. Prods. Corp.
v. LOS Glob. Sys., LLC*, 2:16-CV-00283 JWS, 2016 WL 4479577, at *3–4 (D. Ariz. Aug.
25, 2016) (permitting the defendant to engage in a factual attack on the amount in
controversy for a claim originally filed in federal court while also applying the legal
certainty standard); *Walker v. Nutribullet, L.L.C.*, No. 2:18-CV-00631-SVW-FFM, 2018
WL 5986985 (C.D. Cal. Mar. 22, 2018) (same); *Priv. Client Fiduciary Corp. v. Chopra*,
No. 22-CV-00436-LK, 2023 WL 2372917 (W.D. Wash. Mar. 6, 2023) (same); *Stevens v.
Lee*, No. 2:22-CV-00529-DCN, 2024 WL 729960 (D. Idaho Feb. 22, 2024) (same).

1  (*Id.* at 8 (citing *Naffe*, 789 F.3d at 1040).)

2      To meet this very high burden, Doyle first argues that Counts 2, 3, 4, 5, and 7 all

3  necessarily fail because he "***never* actually entered into** any type of contract with HCIS."

4  (*Id.* at 9–11 (emphasis in original).) To prove this, Doyle attaches an email from HCIS to

5  Doyle's counsel along with a copy of HCIS's lead data that led to the inciting phone call,

6  to show that the Form in question was submitted by someone else. (Docs. 11-1, -2, -3.) In

7  the alternative, Doyle suggests that if he entered a contract with HCIS, the contract is

8  unenforceable. (Doc. 11 at 14–20.) Doyle finally argues that Count 6 fails because "HCIS's

9  counsel *conceded* that Doyle did not have the information that purportedly defeated" the

10  basis of his original lawsuit, thus he could not have filed it with malice. (*Id.* at 11–14

11  (emphasis in original).) In concluding that each of HCIS's claims fail, Doyle argues that it

12  is a legal certainty that "the suit cannot involve the necessary amount to satisfy diversity

13  jurisdiction." (*Id.* at 14.)

14      Although framed as a jurisdictional challenge to the amount in controversy, Doyle's

15  motion, in substance, asks the Court to resolve the merits of this action. But the pleading

16  stage is not the appropriate time to adjudicate the merits of HCIS's claims. *See Augustine*

17  *v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("[W]here the jurisdictional issue

18  and substantive issues are so intertwined that the question of jurisdiction is dependent on

19  the resolution of factual issues going to the merits, the jurisdictional determination should

20  await a determination of the relevant facts on either a motion going to the merits or at

21  trial."). In this case, the jurisdictional and substantive issues are not just intertwined but the

22  same. As such, Doyle's factual attack on the merits is premature.

23      Even if Doyle's exhibits and declarations amounted to a "perfect defense"—such

24  that each of HCIS's claims would ultimately fail on the merits—the Court would

25  nonetheless have jurisdiction. *See Smithers v. Smith*, 204 U.S. 632, 642 (1907) ("The rule

26  that the plaintiff's allegations of value govern in determining the jurisdiction . . . controls

27  even where the declaration shows that a perfect defense might be interposed to a sufficient

28  amount of the claim to reduce it below the jurisdictional amount."); *Geographic*, 599 F.3d

- 6 -

at 1108 ("[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction.").

HCIS in its complaint, response, and attached affidavits explains in good faith why it believes it has suffered more than $75,000.00 in damages. (Doc. 1 ¶ 11; Doc. 16 at 10; Doc. 16-1 at 3.) Doyle's factual attack in no way shows to a legal certainty that HCIS is incapable of recovering more than $75,000.00. Because, instead, Doyle's factual attack is simply an attempt to adjudicate the merits of the case, the Court will deny the Motion.

**B.    Jurisdictional Discovery**

Doyle seeks leave of the Court to conduct jurisdictional discovery "regarding Doyle's alleged submission of information to the HCIS's website." (Doc. 11 at 20–21.) But upon HCIS's waiver of arbitration in its response, Doyle states in his reply that the portion of his Motion seeking "jurisdictional discovery has been rendered moot." (Doc. 19 at 3.) Therefore, the Court will deny Doyle's request to conduct jurisdictional discovery as moot. *See Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) ("The trial court . . . has broad discretion to permit or deny discovery.").

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED denying** Doyles's Motion to Dismiss. (Doc. 11.)

**IT IS FURTHER ORDERED** that Doyle must respond to HCIS's Complaint (Doc. 1) within fourteen days of this order.

Dated this 10th day of April, 2025.

Michael T. Liburdi
United States District Judge